Filed 6/4/25  P. v. Johnson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARLON JOHNSON,<br><br>    Defendant and Appellant. | D082684<br><br><br>(Super. Ct. No. SCD267741) |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2019, a jury convicted Johnson of two counts of second degree murder and one count of unlawful discharge of a firearm at an occupied motor vehicle, based on a shooting that took place in 2011.  This is Johnson's second appeal from his convictions.  Johnson's convictions were affirmed in a prior appeal, but the matter was remanded to the trial court to decide whether to exercise its discretion to strike one or more of three Penal Code

section 12022.53(d) enhancements the court had previously imposed and instead impose lesser included enhancements. On remand, the trial court declined to strike any of the section 12022.53(d) enhancements, instead electing to reimpose the same sentence it had previously imposed.

Appointed appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 indicating counsel found no arguable issues for reversal on appeal. Counsel asks us to review the record for error as *Wende* and *Anders* require. We offered Johnson the opportunity to file his own brief, but after requesting and receiving multiple extensions of time, he has not done so.

Based on our independent review of the record, we find no reasonably arguable appellate issues for reversal. We therefore affirm.

## I.

## A.

Johnson shot and killed two men on January 9, 2011.[1] That night, the victims set out on foot from their friend's house, heading to a bus stop. At a nearby street corner, neighbors saw the two men engaged in an argument with a third man. Neighbors and bystanders heard multiple gunshots and saw one of the two victims fall to the ground. A neighbor provided care to one of the victims on the street, but the victim died from multiple gunshot wounds. The other victim ran back to his friend's home bleeding. He later died from a gunshot wound. A stray ammunition round shattered the window of a nearby car, injuring the driver on her forearms, chest, and chin. Meanwhile, the shooter ran to a white car and drove off.

---

[1] We rely on our unpublished opinion, *People v. Johnson* (June 22, 2022, D075649), for our summary of the underlying facts of this case.

Police linked Johnson to the shooting. They tracked him to Arkansas but were unable to locate him. In 2016, a detective of the San Diego Police Department's cold case homicide team managed to contact Johnson in Arkansas, and he was eventually arrested and returned to San Diego for trial.

B.

In 2019, a jury convicted Johnson of two counts of second degree murder (Pen. Code, § 187, subd. (a); counts 1 and 2); and one count of unlawful discharge of a firearm at an occupied motor vehicle (§ 246; count 3). As to counts 1 and 2, the jury found true that Johnson personally used a firearm within the meaning of sections 12022.5(a) and 12022.53(b), and personally used and intentionally discharged a firearm within the meaning of section 12022.53(c). As to all counts, the jury found that Johnson personally used and intentionally discharged a firearm, proximately causing great bodily injury and death within the meaning of section 12022.53(d).

The court sentenced Johnson to an indeterminate term of 105 years to life, plus a determinate term of seven years.

Johnson appealed the judgment. We directed the trial court to recalculate Johnson's custody credits, but otherwise affirmed the judgment. (See *People v. Johnson* (June 22, 2022, D075649) [nonpub. opn.].) Johnson sought review from the Supreme Court. The Supreme Court transferred Johnson's case to us with instructions to vacate the previous opinion and reconsider the matter in light of *People v. Tirado* (2022) 12 Cal.5th 688.

Upon reconsideration, we issued a limited remand to the trial court to allow it to exercise its discretion to strike the section 12022.53(d) enhancements and instead impose lesser included enhancements, and for

3

recalculation of custody credits.  (*People v. Johnson* (June 22, 2022, D075649) [nonpub. opn.].)

### C.

On remand, the trial court conducted a new sentencing hearing. Defense counsel submitted a sentencing brief with attachments documenting that Johnson donated time and money to a breast cancer event in 2021 and 2022, and showing Johnson had completed multiple vocational education courses while incarcerated.  Defense counsel also submitted documentation asserting Johnson had suffered severe physical and emotional abuse as a child, as well as articles and studies about links between childhood trauma and criminal and/or antisocial behavior.  Finally, defense counsel submitted a psychological report concluding that Johnson suffers from global cognitive deficits, and that his cognitive functioning "will continue to decline," and his behaviors, emotions, and decision-making may be further impaired, through continued exposure to "institutional betrayal triggers," such as physical altercations with corrections officers.

After hearing argument from the attorneys, the court declined to exercise its discretion to strike the section 12022.53(d) enhancements.  The court recalculated Johnson's custody credits to ensure he received full credit for time served prior to his original sentencing date.

### II.

Johnson's counsel filed a *Wende* brief setting forth a statement of the case and facts, identifying no grounds for reversal of the judgment, and asking this court to independently review the record for error.  Counsel has identified no potential issues for our consideration.  We offered Johnson an opportunity to file a personal supplemental brief.  Despite granting him multiple extensions of time to file a supplemental brief, he has not done so.

We have independently reviewed the record as required by *Wende* and *Anders*, and we have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Johnson in connection with this appeal.

III.

We affirm the judgment.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.